1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

SAMUEL MICHAEL ALFORD,

No. 1:20-cv-01767-DC-CSK

12

Plaintiff,

13

v.

ORDER GRANTING THE MOTION TO
WITHDRAW AS COUNSEL FOR
PLAINTIFF

14

MODESTO CITY SCHOOL DISTRICT,
et al.,

15

Defendants.

(Doc. No. 69)

16
17

18          This matter is before the court on the unopposed motion to withdraw as Plaintiff's counsel

19   of record filed by attorney James Arrasmith on June 2, 2025. (Doc. No. 69.) Pursuant to Local

20   Rule 230(g), the pending motion was taken under submission to be decided on the papers. (Doc.

21   No. 72.)  For the reasons explained below, the court will grant the pending motion to withdraw as

22   counsel.

23                                            **LEGAL STANDARD**

24          An attorney's motion to withdrawal as counsel of record is governed by the Local Rules

25   of this court. Specifically, Local Rule 182 provides as follows:

26          Unless otherwise provided herein, an attorney who has appeared may
            not withdraw leaving the client *in propria persona* without leave of
27          court upon noticed motion and notice to the client and all other
            parties who have appeared.  The attorney shall provide an affidavit
28          stating the current or last known address or addresses of the client

1

and the efforts made to notify the client of the motion to withdraw. L.R. 182(d). In addition, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." *Id*.

Rule 1.16(a) of the California Rules of Professional Conduct provides several grounds upon which an attorney "*shall* withdraw from the representation of a client," including if:

> (1) the lawyer knows or reasonably should know that the client is bringing an action, conducting a defense, asserting a position in litigation, or taking an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person;
>
> (2) the lawyer knows or reasonably should know that the representation will result in violation of these rules or of the State Bar Act;
>
> (3) the lawyer's mental or physical condition renders it unreasonably difficult to carry out the representation effectively; or
>
> (4) the client discharges the lawyer.

Cal. R. Prof. Conduct 1.16(a) (emphasis added).

In contrast to Rule 1.16(a), a withdrawal based on the grounds listed in Rule 1.16(b) is permissive, not mandatory. Cal. R. Prof. Conduct 1.16(b). Those permissive grounds include to following:

> (1) the client insists upon presenting a claim or defense in litigation, or asserting a position or making a demand in a non-litigation matter, that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law;
>
> (2) the client either seeks to pursue a criminal or fraudulent course of conduct or has used the lawyer's services to advance a course of conduct that the lawyer reasonably believes was a crime or fraud;
>
> (3) the client insists that the lawyer pursue a course of conduct that is criminal or fraudulent;
>
> (4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively;
>
> (5) the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation;

(6) the client knowingly and freely assents to termination of the representation;

(7) the inability to work with co-counsel indicates that the best interests of the client likely will be served by withdrawal;

(8) the lawyer's mental or physical condition renders it difficult for the lawyer to carry out the representation effectively;

(9) a continuation of the representation is likely to result in a violation of these rules or the State Bar Act; or

(10) the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

Cal. R. Prof. Conduct 1.16(b).

For permissive withdrawals, the decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the trial court. "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008); *see also CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

For both mandatory and permissive withdrawals, representation shall not be terminated until the attorney "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct 1.16(d).

## ANALYSIS

Here, Attorney Arrasmith moves to withdraw as counsel for Plaintiff in this action "because a significant and irreparable breakdown has occurred in the attorney-client relationship, such that continued representation is no longer feasible or ethically appropriate." (Doc. No. 69 at 2.) Attorney Arrasmith explains that "[e]laborating on the underlying reasons for this breakdown would risk disclosing privileged or confidential information." (*Id.*) According to Attorney

3

1  Arrasmith, his continued representation of Plaintiff in this case "would be incompatible with

2  counsel's ethical obligations and would create unreasonable burden." (*Id.* at 3.) The pending

3  motion thus seeks permissive withdrawal based on California Rule of Professional Conduct

4  1.16(b). (*Id.* at 3.)

5       As for prejudice withdrawal may cause to other parties, the court notes that Defendants

6  did not file an opposition to the pending motion for withdrawal, nor otherwise express concerns

7  regarding prejudice or delay.

8       As for prejudice to Plaintiff, Attorney Arrasmith asserts that withdrawal will not cause

9  prejudice because he provided Plaintiff a copy of the case file and gave Plaintiff "ample notice

10  and access to all case materials for Plaintiff to seek alternative representation or proceed pro se."

11  (*Id.*) In the declaration Attorney Arrasmith concurrently filed in support of the pending motion,

12  he explains that he first gave notice to Plaintiff of his intent to withdrawal on March 17, 2025, by

13  sending a formal letter via mail to his last known mailing address in Louisville, Kentucky, and by

14  emailing a copy of that letter to Plaintiff's email address.[1] (Doc. No. 69-1 at ¶¶ 5–7.) Moreover,

15  because this case was initiated when Plaintiff was still a minor and his father served as his

16  guardian *ad litem* until 2023 when Plaintiff was no longer a minor (*see* Doc. No. 48), Attorney

17  Arrasmith also provided notice to Plaintiff's father at his email address. (Doc. No. 69-1 at ¶ 8.)

18  Even though Plaintiff has had notice of his counsel's intention to withdraw since March 2025, to

19  date, Plaintiff has not filed a substitution of counsel or a notice of appearance of new counsel.

20       As for delay that may be caused by permitting withdrawal, the court notes that this case is

21  currently set for a final pretrial conference on September 19, 2025. (Doc. No. 71.) The discovery

22  and law and motion stages of this litigation have long since passed. Thus, whether Plaintiff

23  proceeds *pro se* or obtains new counsel to try this case, any delay in proceeding to trial will be

24  minimal as the court will not be inclined to grant lengthy extensions of time for trial preparation.

25       Having considered the motion and Attorney Arrasmith's representations, the court finds

26  that the permissive withdrawal sought by Attorney Arrasmith is appropriate under Rule 1.16(b).

27

28

---

[1] Attorney Arrasmith provided the court with Plaintiff's last known address, as required by Local Rule 182. (Doc. No. 69-1 at ¶ 6.)

Thus, the pending motion to withdrawal as counsel for Plaintiff will be granted. Plaintiff will be provided thirty (30) days to obtain new counsel to represent him in this action or to inform the court of his intention to proceed *pro se* in this case.

## CONCLUSION

For the reasons set forth above:

1. The motion to withdraw as counsel for Plaintiff (Doc. No. 69) is GRANTED;

2. The Clerk of the Court is directed to terminate James Arrasmith as the counsel of record for Plaintiff;

3. Attorney James Arrasmith shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding release of a client's papers and property and return of unearned fees;

4. Within thirty (30) days from the date of entry of this order, Plaintiff shall file either: (i) a notice of appearance by new counsel obtained to represent him in this action, or (ii) a notice informing the court that he will continue prosecuting this action *pro se*;

5. Plaintiff is warned that his failure to comply with this order may result in the court dismissing this action due to his failure to prosecute and failure to comply with the court's order;

6. Plaintiff is substituted in *pro se* and is directed to comply with all future hearing dates and the rules of the court;

7. The Clerk of the Court is directed to enter the following contact information as Plaintiff's address of record;

        Samuel Michael Alford
        666 S. 27th Street
        Louisville, KY 40211
        Samuelalford0@gmail.com

/////

/////

/////

8.     The Clerk of the Court is directed to serve this order on Plaintiff by mail and by email.

IT IS SO ORDERED.

Dated:   **July 25, 2025**

Dena Coggins
United States District Judge